UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| IN RE: | CASE NO.: |
|---|---|
| WENDY M. DALE | 18-05448-5-SWH |
| DEBTOR(S) | CHAPTER 7 |

MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY

NOW COMES Algernon L. Butler, III, Chapter 7 Trustee in bankruptcy for the above referenced Debtor and, pursuant to Bankruptcy Rule 9019, requests that the Court enter an order approving the terms of a compromise of a controversy existing in this case with Red Hat, Inc. ("Red Hat"), and in support thereof shows unto the Court as follows:

1. On November 8, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court").

2. On November 9, 2018, the Bankruptcy Court entered an order appointing Algernon L. Butler, III as Chapter 7 Trustee in this case (the "Trustee") and he continues to serve in that capacity.

3. On June 6, 2018 the Debtor filed in the U.S. District Court for the Eastern District of North Carolina (the "District Court") a civil action captioned <u>Wendy M. Dale, Plaintiff, vs. Red Hat, Inc. and Leah Moore, in both her individual capacity and as an agent of Red Hat, Inc., Defendants,</u>" Case No. 5:18-CV-262-BO (the "Employment Action").

4. On August 14, 2018 the Debtor filed an amended complaint in the Employment Action, in which she asserted five claims against the Defendants Red Hat and Leah Moore: (1)

"Failure to Accommodate Under the Americans with Disabilities Act"; (2) "Disparate Treatment Under the Americans with Disabilities Act"; (3) "Retaliation Under the Americans with Disabilities Act"; (4) "Libel" (against Defendant Moore only); and (5) "Common Law Wrongful Termination in Violation of Public Policy."

5. On August 29, 2018, the Defendant Moore filed a Motion to Dismiss all claims asserted against her in the Employment Action, and the Defendant Red Hat filed a Partial Motion to Dismiss the claims asserted against it in the Employment Action.

6. On November 26, 2018, the District Court entered an order granting Defendant Moore's Motion to Dismiss which dismissed Defendant Moore from all claims asserted against her in the Employment Action, and denying Defendant Red Hat's Partial Motion to Dismiss which allowed to survive Debtor's ADA claims and claim for wrongful termination against Defendant Red Hat. The surviving claims against Red Hat which are asserted in the Employment Action are referred to herein as the "Claims Against Red Hat."

7. Red Hat strenuously disputes the Claims Against Red Hat and the merits of the Amended Complaint.

8. On January 24, 2019, and on March 4, 2019, the Bankruptcy Court entered orders allowing the Trustee's objections to the Debtor's claim of exemption in the Claims Against Red Hat asserted in the Employment Action, which orders specifically provided that the Debtor's claim of exemption in the Claims Against Red Hat asserted in the Employment Action is and shall be limited to the statutory limit of N.C. Gen. Stat. § 1C-1601(a)(2) less $70 representing a claim of exemption made by the Debtor in certain deposits of money. Pursuant to N.C. Gen. Stat. § 1C-1601(a)(2) and those orders, the Debtor's claim of exemption in the Claims Against Red Hat asserted in the Employment Action is limited to $4,930.00.

9. Pursuant to 11 U.S.C. § 541, the Employment Action and the Claims Against Red Hat asserted therein constitute property of the bankruptcy estate in this case (the "Bankruptcy Estate"). 11 U.S.C. § 541(a); Vinal v. Fed. Nat. Mortg. Ass'n, 131 F. Supp. 3d 529, 537 (E.D.N.C. 2015). As the Employment Action and the Claims Against Red Hat are property of the Bankruptcy Estate, the Trustee has the power, authority, and standing to, among other things, prosecute, compromise, settle, or otherwise resolve such claims, subject to the approval of the Bankruptcy Court. Id. ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." (quoting Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir.1999))).

10. The Trustee and Red Hat (the "Parties"), desire and have agreed, subject to Court approval, to settle the Employment Action, the Claims Against Red Hat asserted therein, and any other claims which the Trustee and/or the Bankruptcy Estate may have against Red Hat, pursuant to the terms set forth on the Settlement Agreement and Release attached hereto as **EXHIBIT A** (the "Settlement Agreement").

11. While the specific terms of the Settlement Agreement control over this summary, the essential terms of the Settlement Agreement are summarized as follows:

   a. Red Hat shall pay to the Bankruptcy Estate $10,000.00 to compensate and reimburse the estate for the time and expense expended by the Trustee and his agents related to the negotiations with Red Hat regarding the Employment Action, the preparation, filing, and prosecution of the Approval Motion, and other services rendered and expenses advanced in order to enable the Trustee to request the Bankruptcy Court's approval of the Approval Motion. The First Payment shall be non-refundable and shall be retained by the Estate regardless of whether or not the Approval Motion is granted.

   b. Red Hat shall pay to the Bankruptcy Estate an additional $44,450.00 in consideration for the Trustee's stipulation of dismissal of the Employment Action with prejudice and the release by the Trustee and the Bankruptcy Estate of all claims that the Trustee and the Bankruptcy Estate have against Red Hat

    resulting from anything that has occurred prior to the Petition Date relating to the Employment Action or the Debtor's employment with Red Hat.

  c. Red Hat shall release the Trustee and the Bankruptcy Estate from all claims that it has against the Trustee and the Bankruptcy Estate resulting from anything that has occurred prior to the Petition Date relating to the Employment Action or the Debtor's employment with Red Hat. Red Hat expressly waives and releases any claim in or against the Bankruptcy Case whether arising out of this proposed or approved settlement or otherwise.

12. Accordingly, by and through this motion and in accordance with Fed. R. Bank. P. 9019(a), the Trustee respectfully requests that the Court enter an order approving this settlement and compromise and further authorizing the Parties to undertake and otherwise engage in any and all actions necessary to effectuate and consummate the terms of the attached Settlement Agreement.

13. Fed. R. Bank. P. 9019 authorizes a bankruptcy court to approve compromises and settlements, and 11 U.S.C. § 105(a) empowers a court to issue any order that is "necessary or appropriate" to carry out the provisions of the Bankruptcy Code.

14. Compromises are generally favored in bankruptcy, and the approval of a settlement under Rule 9019 is committed to the discretion of the bankruptcy court. In re Health Diagnostic Laboratory, Inc., Case No. 15-32919, 2016 WL 6068812, at *3 (Bankr. E.D. Va. Oct. 14, 2016). In considering a settlement, the Court should consider: (a) the probability of success in litigation; (b) the possible difficulties of collecting on any judgment which might be obtained; (c) the complexity of the litigation involved, and the expense, inconvenience, and likely duration and delay necessarily attending it; and (d) the paramount interest of the creditors. See id. (citing In re Frye, 216 B.R. 166 (Bankr. E.D. Va. 1997)).

15. Compromises should be fair and equitable. In re Health Diagnostic Lab., Inc., 2016 WL 6068812, at *3 (citing In re Alpha Nat. Res., Inc., 544 B.R. 848, 857 (Bankr. E.D. Va.

2016) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968))). However, in making this determination, "[t]he court does not have to be convinced that the settlement is the best possible compromise, but only that the settlement falls within a reasonable range of litigation possibilities. Therefore, the settlement need only be above 'the lowest point in the range of reasonableness.'" In re Health Diagnostic Lab., Inc., 2016 WL 6068812, at *3 (citing In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995)). "[I]t is unnecessary to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." In re Cajun Elec. Power Corp., 119 F.3d 349, 356 (5th Cir. 1997). "The responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.), 382 F.3d 68, 71-72 (1st Cir. 2004).

16. An analysis of the first prong of the test, "the probability of success in litigation," supports approval of the proposed compromise because there is serious doubt as to whether or not Red Hat took any action towards the Debtor with any discriminatory or retaliatory intent and also as to any damages caused by Red Hat. Moreover, there is substantial evidence that Red Hat would have terminated Debtor's employment with it for legitimate, non-discriminatory business reasons, that providing any accommodation for the Debtor would have caused an undue hardship for Defendant, that even with reasonable accommodation the Debtor would have been unable to perform the essential duties of her job, and that the Debtor was otherwise subject to termination for engaging in misconduct during her employment with Red Hat. All of these factors call into serious question the probability of any success by the plaintiff in the litigation.

17. Under the second prong of the test, "the possible difficulties of collecting on any judgment which might be obtained," while it is unknown how difficult it would be to collect on any judgment which might be obtained, it is believed that there is a good chance that any judgment against Red Hat would be appealed by it thus prolonging the length and cost of the litigation.

18. The third prong considers the "complexity of the litigation involved, and the expense, inconvenience, and likely duration and delay necessarily attending it." It is believed that continuing the litigation would be costly, time-consuming, and involve inconvenience to the Parties and other parties in interest, and that the Bankruptcy Estate would incur significant expense if the Employment Action were to proceed which expenses would include those related to discovery, motions, and a trial and possible appeal of the action. It is estimated that the duration of the action through a trial and any appeal would exceed one year which would significantly delay the administration of the case and resolution of these issues.

19. Finally, under the fourth prong, "the paramount interest of the creditors," while continuation of litigation would result in significant delay, expense, and risk that the ultimate outcome of the litigation would result in no recovery, an approval of the settlement shall secure a substantial fund for the Bankruptcy Estate which otherwise would be unavailable.

20. The terms and provisions the Settlement Agreement are the result of arms-length negotiations between the Parties and, with respect to the Bankruptcy Estate and the Trustee, represent a sound exercise of the Trustee's business judgment and is consistent with the responsibilities and duties bestowed on the Trustee pursuant to the Bankruptcy Code.

21. For these and other reasons, and in light of the significant costs, time, risks, burdens of proof, doubt as to the possibility of prevailing, and uncertainty of collection as to any potential judgment that might be entered, which continued litigation through trial and possible appeal would

entail, the Trustee is of the good faith belief that the terms and conditions of the settlement and compromise reached between the Parties, memorialized in the Settlement Agreement, are fair, equitable, and in the best interests of the Bankruptcy Estate and its creditors and other parties in interest, would avoid the costs, expense, time, risks, and uncertainty of a trial, would create a fund for the Bankruptcy Estate which may otherwise be unavailable, and should be approved by the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the terms of the compromise of this controversy as set forth herein, and that the Trustee have such other and further relief as the Court may deem just and proper.

Dated: May 20, 2019

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Email: albutleriii@butlerbutler.com

# EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re: | : |
| | : |
| WENDY M. DALE | : Chapter 7 |
| | : Case No. 18-05448-5-SWH |
| Debtor. | : |
| | : |

### SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and between (a) Algernon L. Butler, III, not individually but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned Debtor (the "Debtor") and (b) Red Hat, Inc. ("Red Hat"). Together, the Trustee and Red Hat shall be referred to as the "Parties."

### WITNESSETH

**WHEREAS,** on November 8, 2018 (the "Petition Date"), the Debtor commenced her bankruptcy case in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court") by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS,** on November 9, 2018, the Bankruptcy Court appointed the Trustee to serve as the chapter 7 trustee for the Estate, and the Trustee continues to serve in such capacity;

**WHEREAS,** the Trustee has the power, authority, and standing to, among other things, prosecute, compromise, settle, or otherwise resolve, subject to the approval of the Bankruptcy Court, any and all claims of the Estate against the Debtor's former individual supervisors, managers, and employers whether by way of claim, counterclaim, cross-claim, lawsuit, adversary proceeding, bankruptcy proceeding or filing, or other proceeding in law, equity, or otherwise, including without limitation the pre-petition Complaint filed by Debtor on or about June 7, 2018 in the United States District Court for the Eastern District of North Carolina styled: *Dale v. Red Hat, Inc. and Leah Moore*, Case No. 5:18-cv-262-BO, E.D.N.C. (the "Employment Action");

**WHEREAS,** Debtor filed an amended complaint in the Employment Action on August 15, 2018 (the "Amended Complaint");

**WHEREAS,** the Amended Complaint asserted five claims against the Employment Action Defendants Red Hat and Leah Moore ("Defendant Moore"): (1) "Failure to Accommodate Under the Americans with Disabilities Act"; (2) "Disparate Treatment Under the Americans with Disabilities Act"; (3) "Retaliation Under the Americans with Disabilities Act"; (4) "Libel" (against Defendant Moore only); and (5) "Common Law Wrongful Termination in Violation of Public Policy";

# EXHIBIT A

**WHEREAS,** on August 29, 2018, Defendant Moore filed a Motion to Dismiss all claims against her in the Employment Action and Red Hat filed a Partial Motion to Dismiss;

**WHEREAS,** on November 26, 2018, the Court granted Defendant Moore's Motion to Dismiss and denied Defendant Red Hat's Partial Motion to Dismiss, which dismissed Defendant Moore from all claims in the Employment Action and allowed to survive Debtor's ADA claims and claim for wrongful termination in violation of the North Carolina Equal Employment Practices Act against Defendant Red Hat;

**WHEREAS,** Red Hat disputes the claims made and the merits of the Amended Complaint and makes no admission of liability or wrongdoing;

**WHEREAS,** on January 24, 2019 and on March 4, 2019, the Bankruptcy Court entered orders allowing the Trustee's objections to the Debtor's claims of exemptions in the Employment Action and specifically providing that the Debtor's claim of exemption in the Employment Action was and shall be limited to the statutory limit of N.C. Gen. Stat. § 1C-1601(a)(2) less $70 representing the claim of exemption in the deposits of money. Pursuant to N.C. Gen. Stat. § 1C-1601(a)(2) and those orders, the Debtor's claims of exemption in the Employment Action are limited to $4,930; and

**WHEREAS,** the Parties desire to settle fully and finally all matters between Debtor and Red Hat arising, directly or indirectly, out of the Employment Action, Debtor's employment with Red Hat (and any of their earlier corporate iterations and parents, subsidiaries, affiliates, predecessors, successors, officers, directors, and employees thereof), and the conclusion thereof, without any admission of liability.

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, intending to be legally bound, agree as follows:

1. <u>Consideration</u>: As a material inducement to and in consideration for the Trustee to enter into this Agreement, Red Hat agrees to pay the following amounts to the Estate:

    a. Ten Thousand Dollars ($10,000.00) (the "First Payment"), which shall be paid to the Trustee no later than fifteen (15) business days after the Parties have executed this Agreement. The First Payment is not in consideration for the settlement of the Employment Action, but is intended and shall be to compensate and reimburse the Estate for the time and expense expended by the Trustee and his agents related to the negotiations with Red Hat regarding the Employment Action, the preparation, filing, and prosecution of the Approval Motion, and other services rendered and expenses advanced in order to enable the Trustee to request the Bankruptcy Court's approval of the Approval Motion. The First Payment shall be non-refundable and shall be retained by the Estate regardless of whether or not the Approval Motion is granted.

# EXHIBIT A

    b.    Forty Four Thousand and Four Hundred Fifty Dollars ($44,450.00) (the "Second Payment"), which shall be paid to the Trustee no later than fifteen (15) business days after the Effective Date (as defined in Paragraph 6 below). The Second payment is intended to and shall be in consideration for the Trustee's stipulation of dismissal and release of Claims as provided in Paragraphs 2 and 3 below.

Each payment shall be made by delivery of electronic payments or checks made payable to "Algernon L. Butler, III, trustee for Wendy M. Dale" to Butler & Butler, LLP, Attn: Algernon L. Butler, III, 111 North 5th Avenue, Wilmington, NC 28401.

Red Hat makes no representation about the tax consequences of the Settlement Payment, and the Parties understand and agree that each Party shall be responsible for its own tax liability that may arise as a result of the transactions contemplated by this Agreement.

2.    <u>Stipulation of Dismissal with Prejudice:</u>  The Trustee agrees that within five (5) business days after the Effective Date (as defined in Paragraph 7 below) and the Trustee's timely receipt of the First and Second Payments, he will file, or cause to be filed in the Employment Action, a Stipulation of Dismissal of the Employment Action dismissing all claims against Red Hat with prejudice. The Parties agree to promptly take any and all steps necessary to effectuate a complete dismissal with prejudice of all claims brought by Debtor against Red Hat in any judicial forum.

3.    <u>Release of Claims</u>:

    a.    Effective as of the Effective Date and conditioned upon the Trustee's timely receipt of the First and Second Payments, and in consideration for the promises and covenants set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee, on behalf of himself (but solely in his capacity as Trustee of the Estate), the Estate, and their heirs, representatives, administrators, executors, successors and assigns (collectively, the "<u>Estate Releasors</u>"), hereby releases and forever discharges to the fullest extent permitted by law, Red Hat and its predecessors, successors, and assigns, and all of their present and former parents, subsidiaries, affiliates, officers, directors, benefit plans and programs, agents, shareholders, attorneys, trustees, and employees (collectively, the "<u>Corporate Releasees</u>") from any and all claims, liabilities, agreements, damages, losses, or expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law or in equity, fixed or contingent, liquid or unliquidated, that the Estate Releasors have, may have had, or may later claim to have had against any of them for personal injuries, losses or damages to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or common law or by statute) resulting from anything that has occurred prior to the Petition Date relating to the Employment Action or the Debtor's employment with Red Hat (hereinafter the "<u>Claim</u>" or "<u>Claims</u>"). The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes

# EXHIBIT A

      of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal.

b.   The Trustee, on behalf of the Estate Releasors, and Red Hat, on behalf of the Corporate Releasees, represent and warrant that there has been no assignment or other transfer by Red Hat or the Trustee, respectively, of any interest in any Claims or potential Claims that are covered by the releases contained in this paragraph.

c.   Effective as of the Effective Date, Red Hat, on behalf of itself and its predecessors, successors, and assigns, and all of its present and former parents, subsidiaries, affiliates, officers, directors, benefit plans and programs, agents, shareholders, attorneys, trustees, and employees (collectively, the "Corporate Releasors"), hereby releases and forever discharges to the fullest extent permitted by law, the Trustee, the Estate, and their heirs, representatives, administrators, executors, successors, attorneys, agents, employees, and assigns (collectively, the "Estate Releasees"), from any and all claims, liabilities, agreements, damages, losses, or expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law or in equity, fixed or contingent, liquid or unliquidated, that the Corporate Releasors have, may have had, or may later claim to have had against the Debtor or the Estate for personal injuries, losses or damages to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or common law or by statute) resulting from anything that has occurred prior to the Petition Date relating to the Employment Action or the Debtor's employment with Red Hat. Red Hat expressly waives and releases any claim in or against the Bankruptcy Case whether arising out of this proposed or approved settlement or otherwise.

4.   <u>Covenant Not to Sue</u>: The Trustee, on behalf of the Estate Releasors, agrees that, except to the extent such right may not be waived by law or as expressly permitted by this Paragraph, no legal action or lawsuit may be commenced or asserted seeking relief for any Claim released or waived under the Release of Claims provision above.

5.   <u>Bankruptcy Court Approval of the Settlement</u>: This Agreement is conditioned upon approval by the Bankruptcy Court. Within five (5) business days after execution of this Agreement and the Trustee's timely receipt of the First Payment, the Trustee shall file a motion seeking approval of this Agreement by the Bankruptcy Court (the "<u>Approval Motion</u>"), and serve notice of this Approval Motion on Debtor Wendy M. Dale and all known parties in interest in the Bankruptcy Case. The Approval Motion shall be circulated to Red Hat in advance of filing and shall be in a form and substance reasonably acceptable to it.

6.   <u>Effective Date</u>: The "<u>Effective Date</u>" shall be the date that the order entered by the Bankruptcy Court granting the Approval Motion becomes a final non-appealable order.

# EXHIBIT A

7. <u>Termination of the Settlement</u>: In the event that the Bankruptcy Court does not approve this Agreement, an order approving this Agreement does not become a final non-appealable order, or the Bankruptcy Court or any Court of competent jurisdiction at any time voids this Agreement, then this Agreement shall be deemed to be null and void, no Party shall have any obligation to any other Party arising out of this Agreement, no statement made herein may be used by or against any Party or any non-Party for any purpose, and the Parties will be returned to the positions they were in prior to the execution date of this Agreement. The Trustee agrees to return the Second Payment if the Agreement is at any time rendered null and void. However, notwithstanding the foregoing, the Parties agree that the Trustee shall retain and will have no obligation to return the First Payment regardless of whether or not the settlement is terminated.

8. <u>Best Efforts and Cooperation</u>: The Parties shall cooperate and exercise their reasonable best efforts to implement the terms of this Agreement, to obtain approval of this Agreement, and to reasonably avoid the occurrence of events that would lead to termination of this Agreement.

9. <u>Governing Law</u>: This Agreement shall be governed by and interpreted in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of North Carolina without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms or provisions of this Agreement, and expressly waives any right to commence any such action in any other forum.

10. <u>Entire Agreement; Agreement to be Construed as a Whole</u>: This Agreement contains the entire understanding between the Parties as to all matters referred to herein. No other representations, covenants, undertakings, or prior or contemporaneous agreements, whether oral or written, regarding any matters that are not specifically contained in, incorporated into, or acknowledged by this Agreement, shall be deemed to have any effect or binding impact upon the Parties. This Agreement has been jointly negotiated by the Parties and is agreed to by the Parties. The language of this Agreement shall be construed as a whole according to its fair meaning and in accordance with its purpose and without regard to whom may have drafted any particular provision herein.

12. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts and exchanged via electronic mail or facsimile, all of which taken together shall constitute one and the same instrument, and any of the Parties may execute this Agreement by signing any such counterpart, provided that this Agreement shall not become effective until all Parties have executed the same. The Parties may execute this Agreement and create a complete set of signatures by exchanging PDF copies of the executed signature pages. Signatures transmitted in PDF format shall have the same effect as original signatures.

13. <u>Amendments or Modifications</u>: This Agreement may only be amended or modified by a writing signed by all Parties. No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provisions of this Agreement. Any notices required or contemplated herein shall also be in writing.

# EXHIBIT A

14. <u>Agreement Supported by Consideration; No Duress</u>: The Parties agree, covenant, represent, and warrant that this Agreement is supported by consideration and that this Agreement is being entered into knowingly, voluntarily, without mental reservation, and with the intent to be legally bound hereby, without coercion of any kind, in part to remove the uncertainty and expenses of additional negotiations and further or possible future litigation and with an adequate opportunity for and the actual benefit of the assistance and advice of legal counsel.

15. <u>No Admission</u>: Neither the execution nor the performance of this Agreement shall be construed as an admission of liability or wrongdoing on the part of any Party to this Agreement, and all Parties expressly deny any such liability or wrongdoing.

16. <u>Nonreliance</u>: Each Party expressly assumes any and all risk that the facts and law may be or become different from the facts and law as known to, or believed to be, by the Parties as of the date of this Agreement, and no Party has relied upon any information supplied by the other or its counsel, or upon any obligation or alleged obligation of the other Party or its counsel to disclose information relevant to this Agreement.

17. <u>Binding Effect; Benefit</u>: This Agreement shall inure to the benefit of and be binding upon the Parties, and their respective successors, administrators, trustees, executors, and assigns. Except as specifically set forth herein, nothing in this Agreement, express or implied, is intended to confer upon any other person any rights, remedies, obligations, or liabilities.

18. <u>Acknowledgment of Legal Advice</u>: The Parties acknowledge and agree that they enter into this Agreement after consultation with their attorneys, that their attorneys have explained the terms of this Agreement, and that they fully understand and voluntarily accept the terms of this Agreement.

19. <u>Rule of Construction</u>: The Parties and their respective counsel have reviewed this Agreement and acknowledge and agree that any rule of construction that would require an ambiguity, if any, in this Agreement to be construed against the drafter shall not be employed in the interpretation of this Agreement.

20. <u>Necessary Acts; Further Assurances</u>: The Parties shall, at their own cost and expense, execute and deliver such further documents and instruments as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement. In no event shall any Party unreasonably refuse to perform such acts.

21. <u>Severability</u>: If any term or other provision of this Agreement other than Paragraphs 2 and 3 are determined to be invalid, illegal or incapable of being enforced by any rule or law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of this Agreement is not affected in any manner materially adverse to any Party. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the settlement contemplated hereby is fulfilled. This Agreement shall be null, void and of no

# EXHIBIT A

effect if the provisions of Paragraphs 2 and 3 above are determined to be invalid, illegal, incapable of being enforced by any rule or law, or public policy.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement and Release as of the respective dates listed below.

**ALGERNON L. BUTLER, III**, as the Chapter 7 Trustee for Wendy M. Dale

By: _____ALB Butler III_____, Ch. 7 Trustee

Dated: __April 30, 2019__

**RED HAT, INC.**, a corporation

By: __[signature]__

Title: __Vice President and Assistant General Counsel__

Dated: __May 6, 2019__

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| IN RE: | CASE NO.: |
|---|---|
| WENDY M. DALE | 18-05448-5-SWH |
| DEBTOR(S) | CHAPTER 7 |

## NOTICE OF MOTION

    **NOTICE IS HEREBY GIVEN** of the Trustee's Motion for Approval of Compromise of Controversy filed simultaneously herewith in the above-captioned case, a copy of which motion is attached hereto; and

    <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the Court to grant the relief sought in Motion, or if you want the Court to consider your views on the Motion, then on or before June 13, 2019, unless otherwise ordered, you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response explaining your position and a request for hearing at: U. S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602. (As a Filing User of the Court's Electronic Case Filing System you may be required to electronically file a response). If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to the attorney whose name appears at the bottom of this notice, to the Bankruptcy Administrator, and to other parties in interest.

    If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified accordingly. Any party filing a response to the Motion shall appear at any hearing in support of the objection or may be assessed with costs.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: May 20, 2019

BUTLER & BUTLER, L.L.P.

<u>s/ Algernon L. Butler, III</u>
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Email: albutleriii@butlerbutler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age, and that the

**Motion for Approval of Compromise of Controversy,
and Notice thereof**

in the above captioned case was this day served upon the below named persons as follows:

By electronic service through CM/ECF:


By mailing, postage prepaid, first class mail, *or by certified mail return receipt requested if indicated below, or by facsimile if indicated below*, of a copy of such instrument to such persons, parties and/or counsel at the address shown below:

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | Wendy M. Dale<br>c/o Linda Dale<br>865 Livingston Chapel Road<br>Delco, NC 28436 |
| Randall D. Avram<br>Kilpatrick Townsend & Stockton LLP<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609<br>*(Attorney for Red Hat, Inc.)* | Wendy M. Dale<br>c/o Dorothy Abraham<br>4715 Waltmoor Road<br>Wilmington, NC 28409 |

And on Wendy M. Dale via email to: *wemar128@yahoo.com*

and on the parties in interest at the addresses shown on the attached matrix.

Dated: May 20, 2019

BUTLER & BUTLER, L.L.P.

s/ Algernon L. Butler, III
Algernon L. Butler, III
Attorneys for the Trustee
N.C. State Bar No. 20881
P. O. Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Email: albutleriii@butlerbutler.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| IN RE: WENDY M DALE | CASE NO: 18-05448-5-SWH |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 7 |

On 5/20/2019, I did cause a copy of the following documents, described below,

Motion for Approval of Compromise of Controversy, and Notice Thereof

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/20/2019

/s/ Algernon L. Butler, III
Algernon L. Butler, III  20881
Attorneys for the Trustee
Butler & Butler, LLP
PO Box 38
Wilmington, NC  28402
910 762 1908

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE: WENDY M DALE

CASE NO: 18-05448-5-SWH

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 7

On 5/20/2019, a copy of the following documents, described below,

Motion for Approval of Compromise of Controversy, and Notice Thereof

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/20/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Algernon L. Butler, III
Butler & Butler, LLP
PO Box 38
Wilmington, NC  28402

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br>  LABEL MATRIX FOR LOCAL NOTICING<br>04175<br>CASE 18-05448-5-SWH<br>EASTERN DISTRICT OF NORTH CAROLINA<br>RALEIGH<br>MON MAY 20 13-44-31 EDT 2019 | ASCENDIUM EDUCATION SOLUTIONS INC<br>PO BOX 8961<br>MADISON WI 53708-8961 | BANKRUPTCY ADMINISTRATOR EDNC<br>434 FAYETTEVILLE STREET<br>SUITE 640<br>RALEIGH NC 27601-1888 |
| BANKRUPTCY ADMINISTRATOR<br>TWO HANNOVER SQUARE STE 640<br>434 FAYETTEVILLE STREET<br>RALEIGH NC 27601-1701 | ~~EXCLUDE~~<br>~~BUTLER - BUTLER LLP~~<br>~~PO BOX 38~~<br>~~WILMINGTON NC 28402-0038~~ | ~~EXCLUDE~~<br>~~ALGERNON L BUTLER III~~<br>~~BUTLER - BUTLER LLP~~<br>~~P O BOX 38~~<br>~~WILMINGTON NC 28402-0038~~ |
| CAROLINA PARTNERS IN MENTAL HEALTH<br>1502 WEST HIGHWAY 54<br>SUITE 103<br>DURHAM NC 27707 | CHAPEL RIDGE COMMUNITY ASSOCIATION<br>CO ELITE MANAGEMENT PROFESSIONALS INC<br>4112 BLUE RIDGE ROAD SUITE 100<br>RALEIGH NC 27612-4652 | CHATHAM COUNTY TAX COLLECTOR<br>12 EAST STREET<br>PITTSBORO NC 27312-5761 |
| CHATHAM COUNTY TAX COLLECTOR<br>PO BOX 697<br>PITTSBORO NC 27312-0697 | CHATHAM COUNTY TAX COLLECTOR<br>POST OFFICE BOX 1809<br>PITTSBORO NC 27312-1797 | CIOX HEALTH<br>POST OFFICE BOX 409900<br>ATLANTA GA 30384-9900 |
| CLERK OF THE COURT OF APPEALS<br>1 WEST MORGAN STREET<br>RALEIGH NC 27601-1333 | COASTAL FEDERAL CREDIT UNION<br>POST OFFICE BOX 58429<br>RALEIGH NC 27658-8429 | CREDIT ONE BANK<br>POST OFFICE BOX 98872<br>6801 SOUTH CIMARRON ROAD<br>LAS VEGAS NV 89113-2273 |
| DEBTOR<br>WENDY M DALE<br>4715 WALTMOOR ROAD<br>WILMINGTON NC 28409-8042 | DALE JAMES AND LINDA<br>865 LIVINGSTON CHAPEL ROAD<br>DELCO NC 28436-9667 | DOWNTOWN DENTAL<br>205 FAYETTEVILLE STREET<br>SUITE 100<br>RALEIGH NC 27601-1362 |
| FHCANN   ASSOCIATES<br>1600 OSGOOD STREET<br>SUITE 20-2120<br>NORTH ANDOVER MA 01845-1048 | FINGERHUT<br>6250 RIDGEWOOD ROAD<br>ST CLOUD MN 56303-0820 | FIRSTPOINT COLLECTION RESOURCES INC<br>225 COMMERCE PLACE<br>POST OFFICE BOX 26140<br>GREENSBORO NC 27402-6140 |
| LANE BRYANT CREDIT CARD<br>CO COMENITY BANK<br>POST OFFICE BOX 182273<br>COLUMBUS OH 43218-2273 | LENDUP CREDIT CARD<br>POST OFFICE BOX 31535<br>TAMPA FL 33631-3535 | MARJORIE K LYNCH<br>BANKRUPTCY ADMINISTRATOR<br>434 FAYETTEVILLE STREET SUITE 640<br>RALEIGH NC 27601-1888 |
| NC QUICKPASS CUSTOMER SERVICE CENTER<br>POST OFFICE BOX<br>CHARLOTTE NC 28272 | NC QUICKPASS CUSTOMER SERVICE CENTER<br>POST OFFICE BOX 71116<br>CHARLOTTE NC 28272-1116 | NORTH CAROLINA DEPARTMENT OF REVENUE<br>POST OFFICE BOX 25000<br>RALEIGH NC 27640-0100 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| OPENSKY CARD SERVICES<br>POST OFFICE BOX 9224<br>OLD BETHPAGE NY 11804-9224 | PYOD LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 19008<br>GREENVILLE SC 29602-9008 | PACER SERVICE CENTER<br>POST OFFICE BOX 71364<br>PHILADELPHIA PA 19176-1364 |
| PERRY POINT APARTMENTS<br>3235 TRIMBLESTONE LANE<br>RALEIGH NC 27616-5921 | PHYSICIANS LAB CONSULTANTS PCCL<br>POST OFFICE BOX 100559<br>FLORENCE SC 29502-0559 | QUANTUM3 GROUP LLC AS AGENT FOR<br>COMENITY BANK<br>PO BOX 788<br>KIRKLAND WA 98083-0788 |
| RALEIGH EMERGENCY MEDICAL ASSOCIATES<br>3737 GLENWOOD AVENUE<br>SUITE 100<br>RALEIGH NC 27612-5515 | SEVENTH AVENUE<br>1112 SEVENTH AVENUE<br>MONROE WI 53566-1364 | SEVENTH AVENUE<br>CO CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 |
| SPECTRUM<br>400 ATLANTIC STREET 10TH FLOOR<br>STAMFORD CT 06901-3512 | STATE EMPLOYEES CREDIT UNION<br>119 NORTH SALISBURY STREET<br>RALEIGH NC 27603-1739 | SUNTRUST BANK<br>5135 NORTH NEW HOPE ROAD<br>RALEIGH NC 27604-4448 |
| TALBOTS CREDIT CARD CO COMENITY BANK<br>POST OFFICE BOX 182273<br>COLUMBUS OH 43218-2273 | UNC HEALTH CARE<br>PO BOX 1123<br>MINNEAPOLIS MN 55440-1123 | UNC HEALTHCARE<br>700 EASTOWNE DRIVE<br>CHAPEL HILL NC 27514-2279 |
| UNC REX HEALTHCARE<br>4420 LAKE BOONE TRAIL<br>RALEIGH NC 27607-7505 | UBIOME INC<br>180 STEUART STREET<br>SAN FRANCISCO CA 94105-1239 | UNITED STUDENT AID FUNDS<br>POST OFFICE BOX 6028<br>INDIANAPOLIS IN 46206-6028 |
| WAKE COUNTY EMS<br>POST OFFICE BOX 603428<br>CHARLOTTE NC 28260-3428 | WAKE RADIOLOGY CONSULTANTS<br>POST OFFICE BOX 603435<br>CHARLOTTE NC 28260-3435 | WINBORNE PAUL FAISON S<br>CO DIXON  THOMPSON LAW<br>117 WEST EDEN STREET<br>EDENTON NC 27932-1843 |