**FILED**

JUN 0 7 2019

STEPHANIE J. BUTLER, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

**WENDY M DALE**                    **CASE NO. 18-05448-5-SWH**

       **DEBTOR**                    **CHAPTER 7**

### DEBTOR'S OBJECTION TO
### MOTION TO APPROVE COMPROMISE OF SETTLEMENT
### AND
### REQUEST FOR HEARING

NOW COMES Wendy M Dale, Debtor, pro se, and hereby objects and responds to the Motion to

Approve Compromise of Settlement, filed May 20, 2019, by Algernon L. Butler, III, Chapter 7

Trustee in bankruptcy for above-referenced Debtor, and requests that she be granted a hearing in

regards thereto and that such Motion to Approve Compromise of Settlement be denied for the

reasons set forth below:

1.  Pursuant to the Claims Register in the instant bankruptcy proceeding, a total of nine

    claims have been filed in this matter totaling $70,014.00.

2.  The time period for filing claims has expired.

3.  The claim by creditor Ascendium Education Solutions, Inc. filed March 11, 2019, totals

    $61,656.76 and is a federal student loan for which discharge is not being sought in this

    bankruptcy proceeding.

4.  Debtor has entered into a repayment plan with Ascendium Education Solutions, Inc. as of April 11, 2019, in order to cure the default on her federal student loans and to thereafter continue repayment of her student loan obligations. See Exhibit A.

5.  Debtor has filed an Objection to the Claim by Ascendium Education Solutions, Inc. contemporaneously with this Objection and Response to Motion to Approve Compromise Settlement on the grounds that Ascendium Education Solutions, Inc. has agreed to allow Debtor to repay the federal student loan debt outside of the bankruptcy and that the amount claimed by Ascendium Education Solutions, Inc. in this bankruptcy proceeding is inconsistent with the amount Debtor actually owes to Ascendium Education Solutions, Inc.  Please see Exhibit A.

6.  Apart from the student loan claim by Ascendium Education Solutions, Inc., the claims that have been filed in the instant bankruptcy case total approximately $8,357.24.

7.  The bankruptcy estate has assets other than Debtor's Employment Action against her former employer with which to pay claims, and the Trustee entered into a real estate agent agreement with realtor Garth Duthie with the intent to sell such assets on or about January of 2019 at a listing price of $45,000. On May 5, 2019, the listing price dropped to $34,000. Garth Duthie has informed Debtor via text messaging that there has been interest in the land, and that he expects that he will be able to sell the land. The deed of trust securing the property is in the approximate amount of $9,000, which leaves more than $20,000 in assets to the bankruptcy estate, which is more than enough to pay the claims, other than the student loan, which is being rehabilitated by agreement between Debtor and Ascendium Education, Inc.

8. The Employment Action initiated by Debtor against her former employer Red Hat, Inc (hereafter "Red Hat"). is an action for damages totaling 32 Million Dollars, including compensatory damages of more than Two Million Dollars and additional punitive damages.

9. Red Hat is a software development technology company worth approximately $34 Billion Dollars. Under federal law, Red Hat, if found liable for violating the ADA, would be liable for up to Three Hundred Thousand Dollars in damages to Debtor, based on the federal statutory cap. Debtor/Plaintiff's state wrongful termination claim against Red Hat has no statutory cap on damages.

10. The Trustee did not consult with Debtor regarding the specific facts of the Employment Action, in which Debtor is the Plaintiff, prior to filing the Motion to Approve Compromise; and therefore, he cannot possibly have a reasonable, objective understanding of the facts of the Employment Action or the likelihood of Debtor prevailing against Red Hat.

11. In lieu of reasonable due diligence regarding the Employment Action, the Trustee has engaged in clandestine negotiations with Red Hat, without notice to Debtor, regarding a settlement of the Employment Action which is unabashedly biased in favor of Red Hat's position.

12. The compromise settlement agreed to by the Trustee is unreasonable in that Red Hat has previously offered Debtor a verbal settlement in excess of $70,000, which is considerably more than the approximately $55,000 settlement amount negotiated by the Trustee.

13. Debtor has interests other than monetary that are represented by the Employment Action, including her personal and professional reputations and vindication of her competence

and right to work in the field of technology contracting. The Trustee has not protected

those non-monetary interests in the Proposed Settlement. He has failed to obtain any

commitment from Red Hat for provisions that would assist Debtor/Plaintiff with

protecting those interests even though there were such provisions (e.g., non-

disparagement, future employment references, etc.) in Red Hat's previous settlement

offers to Debtor/Plaintiff.

14. Furthermore, as a matter of public policy, it is neither fair, equitable, nor reasonable to

allow a wealthy employer like Red Hat, alleged to have violated federal and state

disability laws and to thereby have caused severe financial damages to the

Debtor/Plaintiff that actually necessitated the instant bankruptcy case, to benefit from any

provision of law allowing the Trustee to settle such employment action for an amount

less than what has been previously offered to Debtor.

15. The Trustee cites *In re Health Diagnostic Laboratory, Inc. (Bankr. E.d. VA. October 16,
2016)* in support of his Motion; however, such case is distinguished from the instant

bankruptcy proceeding in that it involved a Chapter 11 Bankruptcy, hundreds of business

creditors, and millions of dollars of debt. I am aware of no case law in which a Trustee

was allowed to settle a multi-million dollar discrimination lawsuit for the purpose of

paying off less than $9,000 in consumer debt.

16. Further, even if *In re Health Diagnostic Laboratory, Inc. (2016)* were applicable in this

instance, the Trustee has not provided adequate facts showing that the Proposed

Settlement is "necessary or appropriate" in this case. This Debtor avers that (a) "the

probability of success in litigation" is high given that the pleadings in the Employment

Action show that Debtor/Plaintiff requested a reasonable accommodation under the

Americans with Disabilities Act, that Red Hat, Inc. refused to provide such

accommodation, that Debtor/Plaintiff filed a charge with the Equal Employment

Opportunity Commission against Red Hat, Inc., that Red Hat, Inc. suspended

Debtor/Plaintiff from her job immediately upon receipt of service of such charge,

ultimately firing her despite her excellent work history with the company, and Red Hat

then proceeded to unlawfully attempt to coerce Debtor/Plaintiff to withdraw her EEOC

charge in exchange for severance pay, (b) "the possibility of collecting on any judgment

which might be obtained" has not been argued by the Trustee. He has only argued that it

would take additional time to collect the judgment if the case is litigated. As a financially

healthy, publicly traded company, Red Hat would have no reason or opportunity to not

pay the judgment once a final, non-appealable order is entered, (c) "the complexity of the

litigation involved, and the expense, inconvenience, and likely duration and delay

necessarily attending it" are not significant in proportion to the damages sought. To date,

aside from nominal copying and traveling expenses, Debtor/Plaintiff has spent zero

dollars litigating the Employment Action as a *pro se* Plaintiff. The Employment Action is

already in the discovery phase, and, as it now stands, is a relatively simple matter

involving only two causes of action, which should be ready for trial by the end of this

calendar year, and (d) "the paramount interest of the creditors" does not require a

settlement of the Employment Action for three reasons: First, Debtor has entered into a

repayment arrangement with Ascendium Educational Solutions, Inc. regarding her

federal student loans, which make up the vast majority of the total debt and which in any

event are non-dischargeable. Such arrangement represents the equivalent of a

reaffirmation of the debt, which should relieve Debtor from having to repay the student

loan claim through the bankruptcy. Second, the claim filed by Ascendium Education Solutions, Inc. is not valid because the amount of the claim is inaccurate, and third, as Debtor has shown, there are other assets of the bankruptcy estate that can be liquidated to sufficiently cover the remaining claims.

17. Further, Debtor has applied for social security disability benefits and expects to receive a final decision regarding such in the next two to three weeks. If Debtor is approved for social security disability benefits, there will be an influx of cash into the estate in the approximate amount of $27,000.

WHEREFORE the Debtor respectfully requests that the Court deny the Trustee's Motion to Approve Compromise Settlement, that Debtor be granted a hearing in this matter, that the Trustee be enjoined from settling the Employment Action without the input and consent of the undersigned Debtor, and any other relief that the Court may deem just and proper.

This 6th day of June, 2019.

Wendy M Dale, Debtor, *pro se*
c/o Dorothy Abraham
4715 Waltmoor Road
Wilmington, North Carolina 28409
910-228-9939
wemarl28@yahoo.com

 Exhibit A

**Ascendium™**

GREAT LAKES  USAFunds  N⊘LA.

**NES**

NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340

WENDY M DALE
4715 WALTMOOR RD
WILMINGTON, NC 28409-8042

Account Number(s): 07039323399166; 07049323399166
Principal Balance: $50167.41
Collection Costs: $ .00
Interest: $3943.08

March 20, 2019

### Loan Rehabilitation Program Terms Form

Congratulations! You are eligible to participate in the Loan Rehabilitation Program. You can receive many benefits from this program which are outlined for you below.

This form is the first step to enter into Loan Rehabilitation and confirms our agreement to accept reasonable and affordable payments of $5.00 in conjunction with your request to participate.

We encourage you to participate in the program and take advantage of this opportunity, and we are providing you with the following terms and conditions.

Based on the information provided, you qualify for a minimum rehabilitation payment amount of $5.00 and you have agreed to a rehabilitation payment amount of $5.00. Nine (9) payments of $5.00, with a due date of the 2nd must be received as described below. You must, within a period of ten (10) months, beginning with the month in which the first required due date falls and ending with the ninth consecutive calendar month following that month, make nine (9) reasonable, voluntary payments in order to be eligible for loan rehabilitation. Each payment must be received no earlier than twenty (20) days before your due date and no later than twenty (20) days after your due date. According to federal law, a loan will be considered for rehabilitation only after you have made nine (9) voluntary reasonable and affordable full payments within a ten (10) month period. If a payment is not received in accordance with these terms, this offer becomes null and void and the series of nine (9) payments must start over again. If you file for bankruptcy during the rehabilitation cycle the rehabilitation agreement becomes null and void, unless written approval and instruction to continue the rehabilitation process is provided to Ascendium by the bankruptcy trustee.

- After the nine (9) payments have been applied to your loan(s), the loan(s) will be considered for purchase by an eligible lender to complete the Loan Rehabilitation. You must continue to make your qualifying payments, as agreed upon, until you are notified that your loan(s) have been rehabilitated. You must then continue to make your qualifying payments, as agreed upon, after the rehabilitation agreement is complete, with payments to the new purchasing lender.

- Once your loan(s) is rehabilitated and is no longer in default, the national credit bureaus will be notified to remove the record of default previously reported by the guarantor and previous lender in reference to the loan(s).

- I understand that a collection fee of up to 16.0% of the outstanding principal and interest balance then due on my loan(s) will be added upon the conclusion of this Agreement and purchase of my rehabilitated loan(s) by an eligible lender.

- A defaulted loan can only be rehabilitated once after August 14, 2008.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

E06ONNESI02818GLA-E_886354044

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone Number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

- Once your loan(s) are rehabilitated, you can apply for additional financial aid if you return to school. You also regain remaining deferment and forbearance eligibility on the rehabilitated loan(s).

If your wages are currently in an active administrative wage garnishment (AWG):

- We will, unless otherwise directed by you, notify your employer to suspend future garnishment after you have made five (5) qualifying payments under the rehabilitation agreement.
- Any AWG payments received from your employer after five (5) qualifying payments have been made will be refunded to you.
- The AWG will be reinstated if you fail to maintain the required payment schedule established under the rehabilitation agreement.
- You may only obtain the benefit of a suspension of AWG while attempting to rehabilitate a defaulted loan one time.
- The suspension will not occur if you have not returned a signed rehabilitation agreement and no garnishment payments received prior to receipt of the signed rehabilitation agreement will be refunded.

The rehabilitation is considered null and void if you are required to provide proof of AGI and family size or other required income and expense documentation, but refuse or fail to provide the required documentation within twelve (12) months of the first payment due date.

The rehabilitation will not occur until you have signed and returned a rehabilitation agreement. The rehabilitation will be considered null and void if you fail to return the signed rehabilitation agreement.

You may object orally or in writing to the rehabilitation terms outlined in this form by directing your objection to **National Enterprise Systems, 2479 Edison Blvd., Unit A, Twinsburg OH 44087-2340**. Your objection must be received prior to the completion of the rehabilitation program in order to be considered. If your financial circumstances change you may request your monthly payment amount to be adjusted. You may direct this request to **National Enterprise Systems** prior to the completion of the rehabilitation program, or, after the completion of the rehabilitation program, to the holder of the loan.

To participate in the Loan Rehabilitation program and take advantage of the benefits above we must receive the attached acknowledgement form back with your signed approval. Once we receive the form with your signature, and you have made nine (9) qualifying payments, your loan(s) will be considered for Loan Rehabilitation. If the loan(s) is rehabilitated, we will notify you once the Loan Rehabilitation is complete. The lender will establish a new repayment schedule after rehabilitation and your payments may increase or decrease according to the new schedule.

National Enterprise Systems
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Borrower Acknowledgement Form

You must sign and return this form to the address listed below in order to participate in the loan Rehabilitation program.

By signing below, I understand and agree that the lender may add collection costs, to the unpaid principal of the loan, of 16% of the outstanding principal and accrued interest upon rehabilitation on my loan(s).

I agree to provide National Enterprise Systems with my current address and to keep it updated throughout the rehabilitation period. I also understand that my rehabilitation will not conclude if my current address is not provided.

Signature: *Wendy Dale*
Wendy Dale (Mar 20, 2019)

**Date:** Mar 20, 2019

**Printed Name**  Wendy Dale

**Signed Name**  Wendy Dale

**Social Security Number**  244555802

**National Enterprise Systems**
**2479 Edison Blvd., Unit A**
**Twinsburg OH 44087-2340**

**NATIONAL ENTERPRISE SYSTEMS**

2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340
(877) 603-7165

April 12, 2019

Creditor: ASCENDIUM
Debt Description: CONSOLIDATION LOAN ACCOUNT
Account Number: 07039323399166; 07049323399166
NES Account Number: 27243385 SMF015
Please contact: (877) 603-7165
**Balance: $54,319.89**

Wendy M Dale
4715 Waltmoor Rd
Wilmington NC 28409-8042

This is to advise you that your postdated check or automatic withdrawal will be deposited/posted as directed by you.

Date:           04/22/2019           Amount:           $5.00

Please be sure the funds are available to cover this transaction.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter you owe $54,319.89. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $54,319.89, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

38ONNESI0270SNGL_248947771

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

*PERSONAL & CONFIDENTIAL*
Wendy M Dale
4715 Waltmoor Rd
Wilmington NC 28409-8042

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

**Ascendium™**

GREAT LAKES    USAFunds    NCLA.

April 11, 2019

ACCOUNT NUMBER: 07039323399166; 07049323399166

Wendy M Dale
4715 Waltmoor Rd
Wilmington NC 28409-8042



Loan Rehabilitation:
Prepare Now for Successful Repayment

82ONNESI02823NGL_248108173

Congratulations on your decision to rehabilitate your defaulted student loans. You have taken the first step in getting back on track in the repayment of your loans.

After you have completed the loan rehabilitation program requirements, your loans will be removed from default and transferred to your new lender or servicer, or to the U.S. Department of Education. You'll also select the monthly repayment option that best fits your own circumstances.

Make sure you're ready for successful repayment with your new lender or servicer by taking these simple steps now.

## 1. Know Your Loan Types and Current Loan Program.

The loans you are rehabilitating were made through the Federal Family Education Loan Program. That program offers many different repayment plans that may be right for you. Another federal loan program, the William D. Ford Direct Loan Program, has additional repayment plan options that you also may want to consider.

If you select a Direct Loan repayment plan, you'll need to consolidate your FFELP loans through the Direct Loan Program. Learn more about Direct Loan consolidation at studentloans.gov.



## 2. Keep in Touch With Your New Lender or Servicer.

Reach out to your new lender or servicer as soon as you complete the loan rehabilitation program, to establish repayment arrangements and select a repayment plan.

If you lose track of your loan documents at any point in the future, use the National Student Loan Data System Student Access website, www.nslds.ed.gov, to find your lender's or servicer's name and contact information. Your lender or servicer can provide detailed and updated information regarding your loan balance.

If you move after you complete the loan rehabilitation program, notify your lender or servicer of changes in your address and telephone number. Otherwise, you might not receive important information about your student loan account — and end up facing additional charges for missed or late payments and risking severe penalties for default.

Contact your new lender or servicer if you have any questions about successful repayment or other issues regarding your student loan account.

## 3. Choose the Right Repayment Plan for You.

See the brief descriptions of each repayment option in the "Repayment Options" section. To determine which option is best for you, use the online student loan Repayment Estimator at studentloans.gov to estimate your monthly payment.

Select the plan that provides a monthly payment that you can afford but also pays back the loan as quickly as possible. The longer you take to pay off your loan, the more interest you will pay. In fact, you may prepay your loan principal at any time, without penalty, to reduce your interest costs.

## Repayment Options

The following options are available for federal student loans issued under the Federal Family Education Loan Program or William D. Ford Direct Loan Program.

**Standard repayment.** Typically this is the least expensive option in terms of total interest costs. Also known as the level repayment plan, this option provides a fixed monthly payment of at least $50 over a period of up to 10 years. If your monthly payments under this option exceed 8 percent to 10 percent of your gross monthly income, however, consider one of the following flexible repayment options.

**Graduated repayment.** Monthly payments start low and increase over time. Graduated repayment may be a good choice if you currently have limited income but expect higher earnings in the future. The maximum repayment term under this option is 10 years. Total interest costs are higher under this option than with standard repayment.

**Income-sensitive repayment.** Available only for FFELP loans, your payments can be adjusted up or down annually to account for changes in your income. The minimum payment must be enough to cover accruing interest. The repayment period of 10 years can be extended to 15 years under a special forbearance provision. Total interest costs will be higher with this option than with standard repayment.

**Extended repayment.** This option is available only if you did not have a balance on a FFELP loan or Direct Loan as of Oct. 7, 1998, or at the time you received a FFELP loan or Direct Loan after Oct. 7, 1998. Extended repayment is available only if your outstanding FFELP loan or Direct Loan balance is more than $30,000.

Under this plan, you may reduce the amount of your monthly payment by spreading payments over a period of up to 25 years under a standard or graduated repayment schedule. Because payments are stretched over a longer term, total interest costs will be significantly higher than under the other repayment plans.





**Income-based repayment**. You may qualify for this repayment option if your loan payments during the year exceed 15 percent of your "discretionary" income. Under this plan you may limit your payments to 15 percent of your "discretionary" income. In addition, your payments may be less than accruing interest, you may qualify to pay back your loans over a period of up to 25 years, and you may qualify for forgiveness of any remaining amount you owe after 25 years of payment. Beginning July 1, 2014, new borrowers may qualify for income-based payments of no more than 10 percent of their discretionary income and are eligible for loan forgiveness after 20 years of repayment. Parent PLUS loans and consolidation loans that repaid a parent PLUS loan are not eligible.

**Income-contingent repayment**. This option is available only for Direct Loans, except Direct PLUS loans to parents. Your payments are based on your income, family size and outstanding loan balance. Payments may be less than the accruing interest. If you haven't fully repaid your loan after 25 years, you may qualify to have the unpaid amount forgiven.

**Pay as You Earn**. Payments are limited to 10 percent of your "discretionary" income, and you may qualify for loan forgiveness after 20 years of repayment. The option is available only to Direct Loan borrowers — except for those with Direct PLUS loans to parents or Direct Consolidation loans that repaid a parent PLUS loan — who were new borrowers as of Oct. 1, 2007, and received a Direct Loan disbursement since Oct. 1, 2011.

**Revised Pay as You Earn**. Payments are limited to 10 percent of your "discretionary" income. There is no income requirement to qualify. You may qualify for loan forgiveness after 20 years of repayment for undergraduate loans, or after 25 years of repayment for loans received for graduate study. The option is available only to Direct Loan borrowers, with no restrictions based on when a loan was received. Parent PLUS loans and consolidation loans that repaid a parent PLUS loan are not eligible.

**Loan consolidation**. Consolidation, available only through the Direct Loan Program, permits you to bundle all of your federal education loans into a convenient single monthly loan payment at a fixed interest rate. Depending on your total outstanding loan balance, you also may be able to extend your repayment period and lower your monthly payments. You are likely to pay more total interest, however, by extending your payment period and making smaller payments over a longer term. Consolidating your loans also will allow you to take advantage of the additional repayment plans available only under the Direct Loan Program.

## What's the maximum loan payment you can afford?

If your monthly student loan payment exceeds the range of loan payments listed below for your annual income, explore a flexible repayment option.

Maximum affordable monthly payments assume that payments do not exceed 8 percent to 10 percent of your gross monthly income.

| Your Annual Income | Range of Affordable Monthly Loan Payments |
|---|---|
| $15,000 | $100 – $125 |
| $20,000 | $133 – $167 |
| $25,000 | $167 – $208 |
| $30,000 | $200 – $250 |
| $35,000 | $233 – $292 |
| $40,000 | $267 – $333 |
| $45,000 | $300 – $375 |
| $50,000 | $333 – $417 |
| $75,000 | $500 – $625 |
| $100,000 | $667 – $833 |

*Completion With a Purpose*℠

www.defaultloanhelp.com